668 A.2d 5

MIDDLE STATES HOLDING COMPANY, INC.

v.

Everett THOMAS.

No. 118, Sept. Term, 1995.

Court of Appeals of Maryland.

Dec. 5, 1995.

Eric J. Blitz, Lutherville, for Appellant.

Richard S. Phillips, Easton, and Dean A. Siedlecki, Owings Mills, for Appellee.

Submitted before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

This case arose out of a contract, entered in April 1990, between the predecessor of the petitioner Middle States Holding Company, Inc., and the respondent Everett Thomas, for the raising of hogs on a farm leased by Thomas in Caroline County, Maryland. Under the contract, Middle States' predecessor agreed to supply hogs and feed to Thomas who would raise and care for the animals until they reached market weight. Middle States' predecessor was to retain ownership of the animals and was to pay Thomas a stipulated fee for each hog shipped to market. From April 1990 until December 1990, numerous hogs were delivered to Thomas, fed and cared for, and shipped to market without incident. In December 1990, however, difficulties arose between Middle States and Thomas. On December 19, 1990, employees of Middle States entered the farm and removed all of the remaining hogs.

Thereafter, Thomas instituted the present action against Middle States and its general manager in the Circuit Court for Caroline County. Thomas's complaint, as amended, alleged breach of contract (count one), trespass (count two), conversion of the hogs (count three) and civil violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.* (count four). Thomas sought both compensatory and punitive damages under each of the first three counts, and he sought treble damages under the fourth count pursuant to 18 U.S.C. § 1964(c).

The defendants filed a motion to dismiss, asserting various grounds. After a hearing, the circuit court granted the motion to dismiss with regard to the RICO count and the requests for punitive damages under the first three counts. The case then went to trial before a jury. After the close of the plaintiff's case, the circuit court granted a motion for judgment in favor of Middle States' general manager on all counts; the court also granted Middle States' motion for judgment on the trespass count.

The case was submitted to the jury on the breach of contract and conversion counts against Middle States. The jury returned a verdict in favor of Thomas in the amount of $12,126.08 on the contract count and $72,000.00 on the conversion count. The circuit court denied Middle States' motion for a new trial as to liability, but the court granted a new trial on damages after Thomas would not agree to a remittitur. The new trial resulted in a jury verdict awarding Thomas $9,411.60 on the contract count and $12,853.00 on the conversion count.

Both Thomas and Middle States took appeals to the Court of Special Appeals. The intermediate appellate court, in an unreported opinion, affirmed in part, reversed in part, and remanded for further proceedings consistent with its opinion. The Court of Special Appeals held that the circuit court had not abused its discretion when, after the first jury's verdict, the court ordered a new trial on damages. The Court of Special Appeals also affirmed the judgment with respect to the contract count. Since the trial court's dismissal of the RICO count had not been challenged on appeal, the dismissal of that count was left intact. The appellate court, however, held that the circuit court erred in granting the motion for judgment in favor of Middle States' general manager on both the trespass count and the conversion count. In addition, the Court of Special Appeals held that the trial court erred in granting judgment in favor of Middle States on the trespass count. The appellate court further held that Thomas had presented no evidence supporting his entitlement to damages for conversion in addition to the damages awarded for breach of contract; thus, the appellate court ruled that "the trial

court abused its discretion when it denied Middle States' motion for a new trial or order of remittitur with respect to the damages awarded for conversion." None of the above-summarized rulings by the Court of Special Appeals has been challenged in this Court; therefore, we intimate no opinion regarding them.

Turning to the request for punitive damages, the Court of Special Appeals upheld the circuit court's dismissal of the punitive damages claim under the breach of contract count, pointing to the settled Maryland law that punitive damages are not recoverable in a breach of contract action. *See, e.g., Alexander v. Evander,* 336 Md. 635, 645 n. 8, 650 A.2d 260, 265 n. 8 (1994); *K & K Management v. Lee,* 316 Md. 137, 169, 557 A.2d 965, 981 (1989). With regard to the trespass and conversion counts, however, the intermediate appellate court held that the factual allegations in Thomas's complaint were sufficient to allege "actual malice" on the part of the defendants under the standard for the allowability of punitive damages set forth in *Ellerin v. Fairfax Savings,* 337 Md. 216, 227–228, 652 A.2d 1117, 1122–1123 (1995); *Komornik v. Sparks,* 331 Md. 720, 724–725, 629 A.2d 721, 723 (1993); and *Owens–Illinois v. Zenobia,* 325 Md. 420, 454–460, 601 A.2d 633, 649–653 (1992). *See also Montgomery Ward v. Wilson,* 339 Md. 701, 733–735, 664 A.2d 916, 932–933 (1995), and cases there cited. Consequently, the Court of Special Appeals in the present case went on to hold that the trial court erred in dismissing the claim for punitive damages with respect to the trespass and conversion counts. Again, these rulings by the Court of Special Appeals have not been challenged in this Court and are not before us.

Finally, the Court of Special Appeals addressed a matter that was neither raised in the trial court nor raised on appeal. In that part of its opinion discussing punitive damages, the intermediate appellate court stated:

"[T]he evidence of actual malice presented by [Thomas] was legally sufficient to withstand a motion for judgment. . . . In the event that a new trial is held on Count II (trespass)

or Count III (conversion), the issue of punitive damages must be submitted to the jury."

At the conclusion of its opinion, immediately prior to the judgment remanding for further proceedings consistent with the opinion, the Court of Special Appeals reiterated:

"In the event that a new trial is held on any of the outstanding claims, the issue of punitive damages must be submitted to the jury."

Middle States has filed in this Court a petition for a writ of certiorari, presenting a single question as follows:

"Petitioner seeks issuance of a Writ of Certiorari to review that portion of the Mandate of the Court of Special Appeals which requires that the issue of punitive damages must be submitted to the jury in the event a new trial is held on any of the outstanding claims, regardless of the legal sufficiency of the evidence which may be provided."

We have granted the petition and shall summarily vacate that portion of the Court of Special Appeals' judgment which requires, in the event of a new trial, that the issue of punitive damages be submitted to the jury.

When an appellate court remands a tort case for a new trial on, *inter alia,* punitive damages, the question of whether the claim for punitive damages should be submitted to the jury depends upon the evidence at that new trial and not upon the evidence at the prior trial. Thus, in *Owens–Illinois v. Zenobia, supra,* where this Court remanded a tort case for a new trial on punitive damages because errors of law had been committed, we made it clear that the evidence to be adduced at the new trial would determine whether the issue of punitive damages should be submitted to the jury. We stated in *Zenobia* (325 Md. at 472, 601 A.2d at 659):

"As discussed earlier, the punitive damages claims in the present cases were submitted to the jury under an 'implied malice' standard. In addition, the jury was not instructed that the standard of proof was clear and convincing evidence. Because the jury was not properly instructed as to the standards for allowing awards of punitive damages, we

remand for a new trial of the claims for punitive damages against Owens–Illinois. The parties, of course, are not limited to the same evidence produced at the original trial. Consequently, when all of the evidence in the remand trial on punitive damages is introduced, the trial court must determine, based on the standards articulated today, whether there is sufficient evidence to present the issue of punitive damages to the jury."

*See also, e.g., Eagle–Picher v. Balbos,* 326 Md. 179, 233–237, 604 A.2d 445, 471–473 (1992); *Owens–Illinois v. Armstrong,* 326 Md. 107, 128–129, 604 A.2d 47, 57, *cert. denied,* 506 U.S. 871, 113 S.Ct. 204, 121 L.Ed.2d 145 (1992) (remand for a new trial on punitive damages, at which the "plaintiffs will be required to prove their entitlement to punitive damages").

As pointed out in the above-quoted passage from *Owens–Illinois v. Zenobia, supra,* the parties at a new trial on punitive damages are not limited to the same evidence produced at the prior trial. The evidence presented at the new trial may turn out to be significantly different from the evidence that was introduced at the earlier trial. Simply because an appellate court believes that the evidence at the prior trial was sufficient to generate a jury issue on punitive damages does not mean that the evidence at the trial to be held in the future will be sufficient. In the instant case, because of the circuit court's pre-trial dismissal of the punitive damages claims, the parties in presenting their evidence probably did not focus upon the requirements for punitive damages. The situation will be entirely different at a new trial.

Therefore, the Court of Special Appeals erred in requiring that the issue of punitive damages be submitted to the jury in the event of a new trial.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED IN PART AS INDICATED IN THIS OPINION, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR CAROLINE COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT*

*WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID BY THE RESPONDENT EVERETT THOMAS. COSTS IN THE COURT OF SPECIAL APPEALS TO BE PAID AS SET FORTH IN THE PRIOR MANDATE OF THE COURT OF SPECIAL APPEALS.*